IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIJWON FOSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:04cv616-MEF |
| | ) | |
| CHERYL PRICE, *et al*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Foster was convicted in 2002 in the Circuit Court of Montgomery County, Alabama of three counts of robbery in the first degree and sentenced to 40 years imprisonment.  His appeal to the Alabama Court of Criminal Appeals was unsuccessful,[1] and he did not seek review in the Alabama Supreme Court.  Foster, however, did file a state postconviction motion in which he raised the same claims he now presents to this court.  The trial court denied Foster's motion without a hearing, and the Alabama Court of Criminal Appeals affirmed.  The Alabama Supreme Court denied Foster's petition for certiorari.

The respondents admit that Foster's claims are exhausted, timely and properly before the court for consideration on the merits.  Pursuant to Rules 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*, the court concludes that the petition for habeas corpus relief is due to be denied.  No evidentiary hearing is required because the facts

---

[1] Foster raised two issues: introduction of gang involvement testimony and disproportionate sentencing.

crucial to a fair determination of the issues presented by petitioner were adequately developed in the state court proceedings.  *McCoy v. Wainwright*, 804 F.2d 1196 (11th Cir. 1986).

**The Youthful Offender Claim.**  Foster's claim that the state court abused its discretion in denying him youthful offender status is not a basis for habeas relief because under Alabama law, his convictions for robbery in the first degree disentitle him to consideration of youthful offender status.  Under ALA. CODE § 12-15-34(h),

> A child whose case is transferred for criminal prosecution shall not be granted youthful offender status and, if convicted, shall be sentenced as an adult if the act which if committed by an adult would constitute any of the following . . . (2) A Class A felony . . .  (3) A felony which has as an element the use of a deadly weapon.

Under Alabama law, robbery in the first degree is a class A felony.  ALA. CODE § 13A-8-41(c).  Moreover, the record before the court affirmatively establishes that Foster used a firearm or a deadly weapon during the commission of the crimes which is a element of robbery in the first degree.  Consequently, Foster was not entitled to youthful offender status consideration.

**The Ineffective Assistance of Counsel Claims.**  The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  The petitioner must satisfy the requirements of a two-pronged test to prevail on his claim of ineffective assistance of counsel.  The petitioner first must make a threshold showing that his attorney's performance "fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S.

2

668, 688 (1984).   "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.*, at 688.   In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance.  *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) quoting *Strickland,* 466 U.S. at 687.   Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense.  *Strickland*, 466 U.S. at 687.   To establish prejudice, the petitioner must first show that there is "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different."  *Id.,* at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

> "[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  [T]hat the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice."

*Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000)(quoting *Strickland*, 466 U.S. at 693). The prejudice component of the *Strickland* test focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams v. Taylor*, 529 U.S. 362, 393 n. 17 (2000).

Any review of an ineffective assistance of counsel claim is conducted from the

3

perspective of defense counsel based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). There is a strong presumption that counsel's performance was reasonable and adequate, and great deference must be shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). A strategic or tactical decision by counsel amounts to ineffective assistance only if it is so "patently unreasonable a . . . decision that no competent attorney would have chosen" it. *Dorsey v. Chapman*, 262 F.3d 1181, 1186 (11th Cir. 2001). Indeed,

> [t]rial counsel's performance is entitled to "'highly deferential' judicial scrutiny." *Fugate v. Head*, 261 F.3d 1206, 1216 (11th Cir. 2001) (citation omitted). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. This Court en banc established this guideline: "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable.... [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638 (1987)). Thus, under federal law, there is "a strong presumption in favor of competence [and] the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Chandler*, 218 F.3d at 1314 (footnote and citations omitted); *see also Strickland*, 466 U.S. at 689-90, 104 S.Ct. at 2065-66 (noting that courts must "indulge [the] strong presumption" that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment"). Accordingly, this Court "must recognize that counsel does not enjoy the benefit of unlimited time and resources," and that "[e]very counsel is faced with a zero-sum calculation on time, resources, and defenses to pursue at trial." *Chandler*, 218 F.3d at 1314 n. 14.

*Turner v. Crosby*, 339 F.3d 1247, 1275-76 (11th Cir. 2003).

4

Foster's first ineffective assistance claim is that counsel was ineffective when he made no objection to the prosecutor's questions about gang involvement until after several questions had been asked and answered. The record before the court does show that defense counsel did not immediately object to the prosecutor asking Foster's co-defendant about Foster's gang involvement. However, when counsel did object, the trial judge allowed the testimony on the basis that it was relevant to motive. The petitioner has not shown that the testimony would not have been allowed had counsel objected earlier. Consequently, the petitioner fails to demonstrate that he was prejudiced by counsel's actions.

Next, Foster claims that trial counsel was ineffective for failing to subpoena Melinda Sanford, one of the victims, as a witness at trial. Foster is not entitled to relief on this claim. First, Foster does not explain how requiring a victim of the crime to appear at his trial and testify would have been beneficial to him. Second, at the close of the prosecution's evidence, Foster's counsel was able to argue that the court should grant judgment of acquittal on the robbery count involving her because she did not appear and testify.

> She is the apparent complaining witness, the victim, the person with the statements, that she was robbed while during the course of her employment at McDonald's, and it's our position that defendant would have a right to be confronted by the victim/witness/complainant in this case. She's trying to get him convicted of robbery in the first degree, and the defendant would maintain that he would have a right for her to be here. The State has that burden to bring her forward and the State didn't do it . . . [The] defendant moves that charge be dismissed on directed verdict for the State's failure to meet their burden to bring her to Court to put her on the stand and testify against the defendant in this case.

(Tr. 154-55).

The trial court found that the prosecution had "put on enough evidence to take it to the jury about whether or not she in fact was robbed." (*Id.* at 155). Foster fails to show how he was prejudiced by the counsel's "failure" to subpoena Sanford.[2]

Foster contends his trial counsel was ineffective for failing to file a motion for a new trial. Foster does not explain what claims counsel could have raised that would have entitled him to a new trial. This conclusory claim does not warrant relief. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992).

Foster claims that trial counsel was ineffective for not objecting to the State's failure to offer certified convictions to enhance his sentence. At the conclusion of the trial, the prosecutor gave notice of one prior felony conviction and Foster's counsel stated, "I've seen that. We stipulate, Judge." (Tr. 202). At the sentencing hearing, counsel again stipulated to the prior conviction. (Tr. 3). Foster has not shown that the prosecution could not prove his prior conviction or that counsel erroneously stipulated to its existence. Thus, Foster fails to demonstrate prejudice and is entitled to no relief.

Foster argues that appellate counsel was ineffective for failing to supplement the record on appeal to include "jury organization." Foster does not explain why this "failure"

---

[2] Foster's Confrontation Clause claim lacks merit. The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause includes the right to conduct reasonable cross-examination. *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974), but "[t]he scope of the Confrontation Clause is limited. The clause establishes a right to cross-examine and impeach adverse witnesses. The clause emphatically does not confer upon criminal defendants a right to present any and all relevant substantive evidence in their case in chief." *Jones v. Goodwin,* 982 F.2d 464, 469 (11th Cir. 1993). Sanford did not testify against Foster; therefore, the Confrontation Clause is not implicated.

was ineffective assistance or how it prejudiced him.  This conclusory allegation is insufficient to meet the *Strickland* standard.  *Wilson, supra*.

Foster contends that appellate counsel was ineffective for failing to raise on appeal denial of youthful offender status, introduction of gang involvement evidence and the violation of his right to confrontation.  These appellate counsel claims lack merit for the reasons already explained.[3]

Foster claims that appellate counsel was ineffective for failing to exhaust all state court remedies as required by *O'Sullivan v. Boerckle*, 526 U.S. 838 (1999).  Foster is correct that appellate counsel did not seek certiorari review in the Alabama Supreme Court after the Alabama Court of Criminal Appeals affirmed his conviction on direct appeal.  However, Foster demonstrates no prejudice.  The two claims he raised on direct appeal, introduction of gang related testimony and disproportionate sentencing, were not raised as substantive claims in this habeas petition, and Foster does not contend that he would have substantively raised them.  He did raise in this case the gang related testimony claim in the context of an ineffective assistance of counsel claim.  The *O'Sullivan* rule is a default rule which bars a federal court from considering on the merits claims which have not been fully exhausted in state court.  Here, nothing shows that the rule operated to the prejudice of Foster.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

---

[3] In *Jones v. Barnes*, 463 U.S. 745 (1983), the Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue.  The Court suggested that effective advocates "winnow out" weaker arguments even though the weaker arguments may be meritorious.  *Id*. at 751-52.  Failure to raise meritless claims on appeal is not ineffective assistance.

for habeas relief pursuant to 28 U.S.C. § 2254 be denied and that the costs of this proceeding be taxed against the petitioner.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before May 24, 2006**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of May, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

8